UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

ALYCE T. CONLON,

    Plaintiffs,

v.

INTERVARSITY CHRISTIAN
FELLOW-SHIP/USA, FRED BAILEY
and MARC PAPAI, Individually and
Personally,

    Defendants.

HON.

CASE NO.

---

Katherine Smith Kennedy (P54881)
Pinsky, Smith, Fayette & Kennedy, LLP
Attorneys for Plaintiff
146 Monroe Center Street NW, Ste 805
Grand Rapids, MI 49503
(616) 451-8496

---

## COMPLAINT AND JURY DEMAND

Plaintiff, Alyce T. Conlon, by and through her attorneys, Pinsky, Smith, Fayette & Kennedy, LLP, hereby represents:

### A. NATURE OF PROCEEDINGS

1. This is an action under Title VII of the Civil Rights Act of 1964, and the Elliot Larsen Civil Rights Act for Discrimination based on gender and retaliation, to correct unlawful employment practices on the basis of gender,

and to provided appropriate relief to Plaintiff Alyce T. Conlon. Plaintiff alleges that the Defendants Intervarsity Christian Fellowship/USA (hereinafter "IVCF"), Fred Bailey and Marc Papai, violated Title VII by terminating her employment based on her gender and her marital status. Other same or similarly situated male employees were not disciplined or discharged.

## B. JURISDICTION

2. Jurisdiction of this action is based on 42 U.S.C. §2000e, et. seq. The employment practices alleged to be unlawful were and are now being committed with the jurisdiction of the United States District Court for the Western District of Michigan.

3. Venue is proper within this judicial district under 28 U.S.C. §1391(b) and 28 U.S.C. §1392(a).

4. All conditions precedent to jurisdiction of Section 706 of the Title VII, 42 U.S.C. §2000(e-5)(f)(3) have occurred and been complied with, to wit:

    (a) Charges of employment discrimination on the basis of gender and retaliation filed with the Equal Opportunity Employment Commission ("EEOC") and the Michigan Department of Civil Rights ("MDCR) within 300 days of the

commission of the unlawful employment practices alleged herein;

(b) A notification of Right to Sue was received from the EEC on or about July 17, 2013 regarding Plaintiff's claim; (Attached as Exhibit A).

(c) This Complaint has been filed within the 90 days of receipt of the notification of the Right to Sue on Plaintiffs' Claim.

## C. PARTIES

5. Plaintiff is a resident of Kent County, Michigan and the Western District of Michigan.

6. At all relevant times, Defendant Intervarsity Christian Fellowship-USA (hereafter "IVCF") has been a foreign non-profit corporation doing business in the State of Michigan and the City of Grand Rapids, and has continuously had at least fifteen employees.

7. Defendant Marc Papai, the Ohio Valley Division Director at IVCF was Plaintiff's supervisor for fifteen years.

8. Defendant Fred Bailey was the Regional Director of the Great Lakes Region and became Plaintiff's acting supervisor in May 2011.

9. At all relevant times, Defendant IVCF and the individual Defendants have continuously been employers engaged in an industry affecting commerce within the meaning of Section 701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e-(b), (g) and (h).

## D. CAUSE OF ACTION

### Statement of Claims

10. Plaintiff incorporates paragraphs 1 - 9 as though set forth herein.

11. In September 1986, Plaintiff Alyce T. Conlon became employed by Defendants as a campus staff member for IVCF's New England Region.

12. In June of 1988, Plaintiff married David Roy Reimer and moved to Elgin, Illionis. Mr. Reimer is not, and has never been, an employee of IVCF.

13. From 1988 through 1994, she was employed at IVCF as a campus staff member for two community colleges.

14. From 1995 through 1998, Plaintiff moved to Hartford, Connecticut and continued working for IVCF as a campus staff member at area colleges.

15. From 1998 to 2000, Plaintiff moved to Cleveland, Ohio where she worked as a campus staff member at three area schools. Plaintiff also had

4

increased responsibility for training executive members of IVCF student chapters.

16. From 2000 through 2004, Plaintiff moved to Columbus, Ohio where she continued to work as a campus staff member for IVCF for various colleges. During this time, Plaintiff also received training as a spiritual director and became a spiritual director to various staff members in the IVCF's Great Lakes East Region.

17. From 2004 through 2011, Plaintiff moved to Grand Rapids, Michigan and continued working as a spiritual director to IVCF staff members. Plaintiff continued her job responsibilities which included recruiting, designing retreats, and raising funds for her salary and expenses as well as for IVCF.

18. At all times during her employment with IVCF, Plaintiff performed her duties in an entirely satisfactory manner. Plaintiff received excellent evaluations and praise throughout her employment with Defendants.

19. In March 2011, pursuant to IVCF's Separating and Divorcing Staff Policy (attached as Exhibit B), Plaintiff informed her supervisor, Defendant Papai, that she and her husband were having marital problems

and were considering separation and/or divorce. Defendant Papai put Plaintiff on a paid leave of absence to work on her marriage.

20. In May of 2011, Defendant Papai went on a sabbatical and Defendant Bailey became Plaintiff's acting supervisor.

21. Both Defendants Papai and Bailey remained heavily involved in Plaintiff's attempts to reconcile her marriage. Beyond the requirements of the Separation and Divorce Policy, Defendant Bailey continued to give Plaintiff additional tasks and required more and more information and communication – all of which she complied.

22. During this leave of absence, Plaintiff followed each and every requirement of the Separation and Divorcing Staff Policy including counseling sessions and continuing communication with her supervisors as to her progress.

23. In May of 2011, several persons were tasked by Defendant Papai with assessing Plaintiff's "work readiness." These outside individuals performed very involved assessments of Plaintiff, and submitted written assessments in June 2011 to Defendant Bailey, and each determined that Plaintiff was "Work Ready."

24. During Plaintiff's leave of absence, Defendants Bailey and Papai contacted Plaintiff's husband, David Riemer to discuss their marriage.

Defendants Bailey and Papai communicated with Mr. Riemer, outside of Plaintiff's presence and without her knowledge. Defendant Papai, provided the IVCF "Staff only-confidential policy" to Plaintiff's husband without her permission or knowledge.

25. Defendants also requested a letter from Plaintiff's husband about the Riemer's marriage, which Riemer submitted to them. Defendants Bailey and Papai refused to disclose its contents to Plaintiff.

26 Defendants also, during this process, required Plaintiff to see a therapist of her husband's choice and not hers.

27. Despite Plaintiff meeting all of IVCF's requirements for her return to work, IVCF refused to allow Plaintiff to return to work because she was unsuccessful in reconciling her marriage.

28. At the end of September 2011, Defendants refused to pay Plaintiff.

29. Plaintiff requested several times to return to work but Defendants denied these requests.

30. Eventually, Plaintiff was terminated on December 10, 2011, for failing to reconcile her marriage. (Attached as Exhibit C).

31. Plaintiff attempted to appeal this decision, which was denied as well.

32.　At least two male employees of IVCF have divorced their spouses during their employment and were not disciplined or discharged because of it.

## COUNT I

## DISCRIMINATION UNDER TILE VII

33.　Plaintiff incorporates paragraphs 1 through 32 as if set forth herein.

34.　Defendants, by its conduct as aforesaid, violated 42 U.S.C. §2000(e-2a) in that they discriminated against Plaintiff because of Plaintiff's gender and her marital status.

35.　Plaintiff, a female, was treated differently than similarly situated males by Defendants.

36.　The practices complained of above were intentional and designed to deprive Plaintiff of equal employment opportunities.

37.　The unlawful employment practices complained of above were committed with malice or with reckless indifference to the federally protected rights of Plaintiff. As a result of the foregoing, Plaintiff lost earnings and benefits and suffered mental anguish, and emotional distress for which Defendant is liable.

## COUNT II

## DISCRIMINATION UNDER
## MICHIGAN ELLIOT LARSON CIVIL RIGHTS ACT

38. Plaintiff incorporates paragraphs 1 through 37 as though set forth herein.

39. Defendants by their conduct as aforesaid, violated Michigan Elliot Larson Civil Rights Act, specifically MCLA 37.2013 and 37.2202, in that they discriminated against Plaintiff because of Plaintiff's gender and marital status. Such discrimination was willful.

40. Defendants' policies regarding marital status do not forbid employees from seeking separation, divorce or remarrying. Defendants approved of at least two male employees keeping their employment with IVCF despite their separation, divorce and becoming remarried, while disciplining and discharging Plaintiff, a female, for not reconciling her marriage.

41. Plaintiff seeks legal and equitable relief regarding deprivation of certain rights as secured by Michigan Elliot Larson Civil Rights Act of 1976, as amended; specifically, MCLA 37.2103, 37.2202, and 37.2701.

42. As a result of the foregoing, Plaintiffs lost earnings and benefits and suffered mental anguish and emotional distress for which Defendant is

liable.

WHEREFORE, Plaintiffs request:

(a) Award to Plaintiffs back pay, front pay, and lost benefits;

(b) Award to Plaintiffs compensatory damages;

(c) Award to Plaintiffs punitive damages;

(d) Award to Plaintiffs their costs, disbursements, and reasonable attorney fees; and

(e) Award to Plaintiffs such other relief as may be just and equitable.

## **RELIEF**

WHEREFORE, Plaintiff requests:

WHEREFORE, Plaintiff request:

(a) Award to Plaintiff back pay, front pay, and lost benefits with prejudgment interest;

(b) Award to Plaintiff compensatory damages for past and future pecuniary and non-pecuniary losses resulting from the unlawful employment practices described above, including, but not limited to emotional pain, suffering, anxiety, loss of enjoyment of life, humiliation, and inconvenience, in amounts to be determined at trial;

(c)  Award to Plaintiff punitive damages for Defendants' malice or reckless indifference to Plaintiff's federally protected rights described above, in amounts to be determined at trial;

(d)  Award to Plaintiff her costs, disbursements, and reasonable attorney fees;

and

(e)  Award to Plaintiff such other relief as may be just and equitable.

```
                                PINSKY, SMITH, FAYETTE & KENNEDY, LLP
                                Attorneys for Plaintiff

Dated: October 8, 2013          By_____
                                  Katherine Smith Kennedy (P-54881)
                                Business Address and Telephone Number:
                                   146 Monroe Center St NW, Suite 805
                                   Grand Rapids, MI  49503
                                   (616) 451-8496
```

11

## JURY DEMAND

NOW COMES Plaintiff, by and through her attorneys, Pinsky, Smith, Fayette & Kennedy, and hereby demands a trial by jury of the entitled matter.

PINSKY, SMITH, FAYETTE & KENNEDY, LLP
Attorneys for Plaintiff

Dated: October 8, 2013       By_____
Katherine Smith Kennedy (P-54881)
Business Address and Telephone Number:
146 Monroe Center St NW, Suite 805
Grand Rapids, MI 49503
(616) 451-8496