UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

ALYCE T. CONLON,

    Plaintiff,　　　　　　　　　　　　HON. GORDON J. QUIST

v.　　　　　　　　　　　　　　　　　　CASE NO. 1:13-CV-01111

INTERVARSITY CHRISTIAN
FELLOWSHIP/USA, FRED BAILEY
and MARC PAPAI, Individually and
Personally,

    Defendants.

---

| | |
|---|---|
| Katherine Smith Kennedy (P54881) | David A. French |
| Pinsky, Smith, Fayette & Kennedy, LLP | Abigail A. Southerland |
| Attorneys for Plaintiff | Michelle K. Terry |
| 146 Monroe Center Street NW, Ste 805 | American Center for Law & Justice |
| Grand Rapids, MI 49503 | Attorneys for Defendants |
| (616) 451-8496 | 118 Front Street, Ste. 116-19 |
| | Franklin. TN 37064 |
| | (800) 296-4529 |
| | |
| | Edward L. White, III (P62485) |
| | American Center for Law & Justice |
| | 3001 Plymouth Road, Ste 203 |
| | Ann Arbor, MI 48105 |
| | (734) 680-8007 |

---

## PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS

### I. Introduction

Plaintiff Alyce T. Conlon filed her two-count Complaint against Defendants' Intervarsity Christian Fellowship (IVCF) and individual employers Fred Bailey and Marc Papai on October 18, 2013. In lieu of filing

an Answer, Defendants filed a Motion to Dismiss under Federal Rule 12(b)(6) arguing Plaintiff has failed to state a claim due to the "ministerial exemption" pursuant to the Free Exercise Clause and/or the "doctrine of ecclesiastical abstention" rooted in the First Amendment of the Constitution. Plaintiff now responds to Defendants' Motion to Dismiss[1].

We summarize Plaintiff's arguments as follows:

(1)  The application of the ministerial exemption has been applied by courts far more broadly than originally intended and should not be applied to a case where the claim does not require the court to evaluate the validity of religious doctrine.

(2)  As the Defendant IVCF has specifically and purposely availed itself to the anti-discrimination standards of Title VII and holds itself out as an Equal Opportunity Employer, Defendant IVCF has waived its Affirmative Defense of the ministerial exemption.

(3)  Should the Court rule that the ministerial exemption applies to Defendant IVCF, the individual supervisory defendant-employers Bailey and Papai may still be held liable for discriminatory conduct under the Michigan statute as the ministerial exemption does not apply to individuals, and only to

---

[1] Additionally and separately, Plaintiff has filed a Motion for Leave to file First Amended Complaint, a supporting brief, and a proposed First Amended Complaint and Jury Demand.

religious institution.

> (a) <u>The Application of the Ministerial Exemption Has Been Applied by the Courts Far More Broadly than its Original Purpose</u>.

The purpose of the ministerial exemption was to avoid applying anti-discrimination laws to the ministerial relationship that would threaten the church's control over "matters of singular ecclesiastical concern" and also risk entangling the courts in religious disputes, "producing . . . the very opposite of that separation of church and state contemplated by the First Amendment." McClure v. Salvation Army, 460 F.2d 553, 560 (5th Cir. 1972); Brief of NAACP Legal Defense Fund, Lawyers' Committee for Civil Rights Under Law, National Women's Law Center, National Partnership for Women and Families, et al. 2011 WL 3532699 (U.S.).

Defendant IVCF argues that under Hosanna-Tabor Evangelical Lutheran Church & Sch. V. EEOC, 132 S.Ct. 694 (2012), Plaintiff's claims under Title VII and Elliott Larsen are barred on the basis of the ministerial exemption grounded in the First Amendment which precludes application of such legislation to claims concerning the employment relationship between religious institutions and its ministers. While Plaintiff's case is wholly distinguishable from Hosanna-Tabor and its progeny, (see below), Plaintiff first argues that the ministerial exemption should not apply to the facts of her case as her claim does not require the Court to evaluate the validity of

religious doctrine.  Further, the ministerial employer should be required to show, at the very least, that the application of the statutory requirement to its employment decisions imposes a significant burden on its First Amendment rights.

> Civil Rights enforcement and religious freedom are compatible, and any judicially crafted rule that would presume the contrary is inconsistent with the Constitution's promise of Equal Protection, and with the rich history of ensuring that promise in which many religious denominations have actively participated.  2011 WL 3532699 at 4.

Subjecting religious employers to generally applicable civil rights laws does not necessarily entangle courts in religious matters in violation of the Establishment Clause.  Allowing religious institutions to opt out of the secular legal system conflicts generally with a functional system of law enforcement and adjudication at basic levels.  2011 WL 3532699 at 6.  Courts have long judged the constitutionality of civil rights statutes by comparing the burden imposed on the First Amendment interests against the countervailing governmental interest advanced by the statute. See Bd. Of Dirs of Rotary Int'l v. Rotary Club of Duarte, 481 U.S. 537 (1987)  "It is virtually self-evident that the Free Exercise Clause does not require an exemption from a governmental program unless, at a minimum, inclusion in the program actually burdens the claimant's freedom to exercise religious

rights." Tony & Susan Alamo Found, v. Sec'y of Labor 471 U.S. 290, 303 (1985).

Some religious organizations, like the Catholic Church, require that certain positions be held by individuals of a particular sex, race or other immutable characteristic, i.e. only males can be priests, only females can be nuns, etc. However, these rules are pursuant to the Catholic Doctrine. When civil rights statutes significantly burden First Amendment Rights when applied to prohibit discrimination required by religious doctrine, the ministerial exemption certainly should apply. But the Defendant-Employer IVCF cannot, and does not, claim or demonstrate that such conflict arises in this situation where they have violated their own policy and have applied it differently to different genders.

Thus, the preliminary inquiry to determine the existence of a constitutionally required exemption is: whether the challenged law interferes with the free exercise rights of those seeking the exemption. United States v. Lee, 455 U.S., 252, 25607 (1982), 2011 WL 3532699 at 24. A court need not evaluate the validity of religious doctrine to determine whether a policy was applied in a discriminatory manner – in the case at hand the "Separating and Divorcing Staff Policy."

Plaintiff is not challenging the validity of this policy and, in fact, believes the facts will show that she fully engaged and complied with such policy. It is the discriminatory application of this policy that is being challenged. How would complying with the Title VII and Elliot Larson anti-discrimination laws that dictate that female employees must be treated equally to male employees under this policy impose any legally cognizable burden on IVCF's First Amendment interests? Indeed, it would not.

Title VII and the Michigan Elliott Larsen Civil Rights Act do not implicate the Constitutions' unyielding protection of religious belief. Nor do these laws regulate the content of religious doctrine to resolve questions of faith or ecclesiastical rule, custom or law. See Kedroff v. St. Nicholas Cathedral, 344 U.S. 94 113 (1952); 2011 WL 3532699. Instead, civil rights statutes regulate conduct, and in this case, the conduct at hand would be discriminatorily applying the Separation and Divorce Policy, and violating their own policy, in violation of the anti-discrimination statutes. The ministerial exemption should not apply in this case nor any similar case that do not implicate the Constitution's protection of religious belief.

(b) <u>As the Defendant IVCF Has Specifically and Purposely Availed Itself to the Requirements of 42 U.S.C. §2000 et al, and Has Held Itself out as an Equal Opportunity Employer, Defendant IVCF Has Waived its Affirmative Defense of the Ministerial Exemption under the Free Exercise Clause, and/or the Doctrine of Ecclesiastical Abstention Pursuant to the First Amendment</u>.

Most important to the case at hand, is that Plaintiff's case is distinguishable from all of the cases cited by Defendants. On Defendant IVCF's website, there is a tab ("hypertext") regarding employment with the organization which lists several categories of "Employment Opportunities" (Exhibit A). Listed under Employment Opportunities are the various categories of employment opportunities including, Nationwide Positions, National Office, Campus Opportunities, International Opportunities, Retreat & Training Centers (Camps), and Volunteer Opportunities.

On the bottom of the Employment Opportunities page (and at the bottom of each and every page of all of the subcategories) is listed the following language:

> InterVarsity Christian Fellowship/USA is both an equal opportunity employer and a faith-based religious organization. We conduct hiring without regard to race, color, ancestry, national origin, citizenship, age, sex, marital status, parental status, membership in any labor organization, political ideology, or disability of an otherwise qualified individual. The status of InterVarsity Christian Fellowship/USA as an equal opportunity employer does not prevent the organization from hiring staff based on their religious beliefs so that all staff share same the religious commitment.
>
> Pursuant to the Civil Rights Act of 1964, Section 702 (42 U.S.C. 2000e 1(a)) InterVarsity Christian Fellowship/USA has the right to, and does, hire only candidates who agree with InterVarsity's Statement of Agreement: Purpose and Doctrinal Basis.

(See additional examples from the IVCF's website Exhibit B).

Though the organization has held itself out to the public and employment applicants as an equal opportunity employer that does not discriminate based on sex (gender) or marital status, Defendant IVCF now argues that the organization is not bound by these laws. In fact, it is clear that they were specifically availing themselves to the federal standards of Title VII and 42 U.S.C. 2000, as they chose to specifically carve out and highlight the fact that under this law, they " . . reserve the right to hire only candidates who agree with InterVarsity's Statement of Agreement: Purpose and Doctrinal Basis." Emphasis added.

The websites of the faith-based organizations of four of the cases cited by Defendants show no such submission to federal discrimination laws. Attached as Exhibit C are excerpts from the websites of the Hosanna- Tabor Evangelical Lutheran Church and the Concordia Lutheran School, employers in Hosanna-Tabor Evangelical Lutheran Church & Sch. V. EEOC, 132 S.Ct 694 (2012); Methodist University, employer in Hollins v. Methodist Healthcare, Inc., 474 F.3rd 223 (6th Cir. 2007); Seventh Day Adventists, the employer in Rayburn v. Gen. Conference of Seventh-Day Adventists, 772 F.2d 1164 (4th Cir. 1985); and from the Catholic Diocese of Austin, employer in Cannata v. Catholic Diocese of Austin, 2012 U.S. App. LEXIS 22114 (5th Cir.

2012). None of these organizations claim to be equal opportunity employers or pledge themselves to the standards of federal anti-discrimination laws.

Defendant IVCF purposely and intentionally availed itself to federal anti-discrimination laws, unlike any defendant employer in any of the cases cited by Defendants, or found in research by Plaintiff's counsel. IVCF has waived the affirmative defense that it is not subject to Title VII due to the ministerial exemption or the doctrine of ecclesiastical abstention. Hence, Defendants' motion to dismiss must therefore fail as to Defendant IVCF.

(c) <u>The Individual Supervisory Defendants Bailey and Papai May Still Be Held Liable for Discriminatory Conduct under the Michigan Statute as the Ministerial Exemption Does Not Apply to Individuals, and Only to Religious Organizations</u>.

Under Michigan law, employment supervisors are subject to individual liability, as corporate employer's agent, under the Michigan Civil Rights Act MCL §37.2200 et al. Elezovic v. Ford Motor Company, 472 Mich 408 (2005). Defendants Fred Bailey and Mark Papai are alleged to have discriminated against Plaintiff Conlon in her treatment and in deciding to terminate her employment because of her gender and her marital status. The ministerial exception applies to religious institutions, but not individual defendants[2].

---

[2] Legal research has turned up no case on the subject of the ministerial exemption as it applies to individuals only. It appears to counsel that it applies to religious institutions exclusively.

Hence, Defendants motion to dismiss must fail as to the individual Defendants.

## CONCLUSION

For the reasons set forth above, Plaintiff requests this Court deny Defendants' Motion to Dismiss in its entirety.

Respectfully submitted,

PINSKY, SMITH, FAYETTE & KENNEDY, LLP
Attorneys for Plaintiff

Dated:  December 19, 2013         By  */s/ Katherine Smith Kennedy*
                                     Katherine Smith Kennedy (P-54881)
                                  Business Address and Telephone Number:
                                     146 Monroe Center Street NW, Suite 805
                                     Grand Rapids, MI  49503
                                     (616) 451-8496