UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

ALYCE T. CONLON,

        Plaintiff,                            Case No. 1:13-CV-1111

v.                                            HON. GORDON J. QUIST

INTERVARSITY CHRISTIAN
FELLOWSHIP/USA, FRED BAILEY
and MARC PAPAI, Individually and
Personally,

        Defendants.

_____/

## OPINION

      Plaintiff, Alyce T. Conlon, sued her former employer, InterVarsity Christian Fellowship (IVCF) and her former supervisors, Fred Bailey and Marc Papai (the individual defendants), after IVCF terminated her employment. Defendants have moved to dismiss, arguing that Plaintiff's claims are barred by the ministerial exception to employment discrimination claims recognized by the Supreme Court in *Hosana-Tabor Evangelical Lutheran Church and School v. E.E.O.C.*, 132 S. Ct. 694 (2012). The Court agrees that the ministerial exception bars Plaintiff's claims.

### Background

      Plaintiff began working for IVCF, a non-profit corporation, in 1986. (Am. Compl. ¶ 13.) From 2004 to 2011, Plaintiff served as a spiritual director to IVCF staff members. (*Id.* ¶ 19.) Defendant Papai was Plaintiff's supervisor until May 2011, and Defendant Bailey was Plaintiff's acting supervisor thereafter. (*Id.* ¶¶ 9-10.)

In March 2011, pursuant to IVCF's Separating and Divorcing Staff Policy (the Policy), Plaintiff informed Defendant Papai that she and her husband were considering divorce. (*Id.* ¶ 21.) Defendant Papai put Plaintiff on a paid leave of absence to work on her marriage. (*Id.*) During her leave of absence, Plaintiff attended counseling sessions and communicated her progress to her supervisors, as required by the Policy. (*Id.* ¶ 24.) Plaintiff repeatedly asked to return to work, but Defendants refused her requests. (*Id.* ¶ 32.) On December 10, 2011, IVCF terminated Plaintiff's employment for "failing to reconcile her marriage." (*Id.* ¶ 33.)

Following her termination, Plaintiff filed a complaint alleging that she was treated differently than similarly-situated male employees who divorced their spouses. Plaintiff asserts that she faced discriminated based on her gender in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the Elliot-Larsen Act, M.C.L. 37.2101 *et seq.*[1]

## Discussion

Defendants move to dismiss Plaintiff's claims, arguing that the claims are barred by the ministerial exception. In response, Plaintiff asserts the following three arguments: (1) that the ministerial exception does not apply to her claims because they do not require a court to evaluate the validity of religious doctrine; (2) that IVCF waived the ministerial exception defense; and (3) that the ministerial exception does not bar claims against individual defendants under the Elliot-Larsen Act.

In *Hosana-Tabor*, the Supreme Court recognized a ministerial exception grounded in the Religion Clauses of the First Amendment. 132 S. Ct. at 706. The Court explained:

> Requiring a church to accept or retain an unwanted minister, or punishing a church for failing to do so, intrudes upon more than a mere employment decision. Such action interferes with the internal governance of the church, depriving the church of control over the selection of those who will personify its beliefs. By imposing an unwanted minister, the

---

[1] Plaintiff originally asserted a claim for breach of contract, but she has agreed to voluntarily dismiss this claim.

> state infringes the Free Exercise Clause, which protects a religious group's right to shape its own faith and mission through its appointments. According the state the power to determine which individuals will minster to the faithful also violates the Establishment Clause, which prohibits government involvement in such ecclesiastical decisions.

*Id.* The Court made clear that the ministerial exception is not limited to the head of a religious congregation. *Id.*

Plaintiff does not dispute that IVCF is a religious organization that may assert the ministerial exception, nor that she held a ministerial position.[2] Rather, Plaintiff argues that the ministerial exception does not apply in this case because the Court need not evaluate religious doctrine to determine whether the policy at issue was applied in a discriminatory manner, and because IVCF cannot show that applying non-discrimination statutes would impose a significant burden on its First Amendment rights. Plaintiff further asks this Court to weigh the interests advanced by non-discrimination statutes against the burdens imposed on IVCF.

The approach that Plaintiff advocates flies in the face of *Hosana-Tabor*. Plaintiff's suggestion that the ministerial exception applies only to those cases in which a court would be required to evaluate religious doctrine "misses the point of the ministerial exception," which is not to "safeguard a church's decision to fire a minister only when it is made for a religious reason." *Hosana-Tabor*, 132 S. Ct. at 709. Rather, the exception "ensures that the authority to select and control who will minister to the faithful—a matter strictly ecclesiastical—is the church's alone." *Id.* Thus, the ministerial exception prevents a court from evaluating the employment decisions of a religious organization regardless of whether the court would be required to delve into religious doctrine.

---

[2] The Sixth Circuit has held that, "in order to invoke the exception, an employer need not be a traditional religious organization such as a church, diocese, or synagogue, or an entity operated by a traditional religious organization." *Hollins v. Methodist Healthcare, Inc.*, 474 F.3d 223, 225 (6th Cir. 2007) (abrogated on other grounds by *Hosana-Tabor*, 132 S. Ct. at 709 n. 4).

Furthermore, the balancing approach advocated by Plaintiff is prohibited by the First Amendment. As the Supreme Court explained:

> The interest of society in the enforcement of employment discrimination statutes is undoubtedly important. But so too is the interest of religious groups in choosing who will preach their beliefs, teach their faith, and carry out their mission. When a minister who has been fired sues her church alleging that her termination was discriminatory, the First Amendment has struck the balance for us. The church must be free to choose those who will guide it on its way.

*Id.* at 710. Accordingly, Plaintiff's argument that the ministerial exception does not apply under these circumstances is unavailing.

Plaintiff's next argues that, even if the ministerial exception does apply, IVCF waived its right to assert the exception by posting non-discrimination language on the employment section of its website. Specifically, Plaintiff alleges that IVCF's website states that it is both an equal opportunity employer and a faith-based religious organization, and that it does not consider certain characteristics, including sex and marital status, in making its hiring decisions. It also states that IVCF's status as an equal opportunity employer does not prevent it from hiring staff based on their religious beliefs.[3]

A similar argument was rejected by the Sixth Circuit in *Hollins v. Methodist Healthcare, Inc.*, 474 F.3d 223 (6th Cir. 2007) (abrogated on other grounds by *Hosana-Tabor*, 132 S. Ct. at 709 n. 4). In that case, the plaintiff, a resident in the defendant hospital's pastoral education program, asserted an ADA claim against the defendant. *Id.* at 224. The plaintiff argued that the defendant had waived its right to assert the ministerial exception when it signed, as required for its accreditation, a form agreeing to abide by the accrediting association's non-discrimination policy. *Id.* The Sixth Circuit

---

[3] Because the Court has considered only the allegations in the complaint—and not the website itself—in evaluating this argument, it need not convert the motion to dismiss to one for summary judgment.

4

rejected the plaintiff's argument, noting that courts must "indulge every reasonable presumption against a waiver" of a constitutional right, and that waiver must be "voluntarily, intelligently, and knowingly" made. *Id.* at 226 (internal quotation marks omitted). The court further explained that, when First Amendment rights are at issue, "the evidence must be clear and compelling that such rights were waived." *Id.* (internal quotation marks omitted). The Sixth Circuit ultimately affirmed the district court's finding that the plaintiff could not overcome the presumption against waiver.[4] *Id.*

Similarly, Plaintiff cannot overcome the presumption against waiver in this case. For its non-ministerial employees, IVCF is subject to federal employment discrimination laws, including the requirement that employers post notices describing such laws. *See* 42 U.S.C. § 2000e-10. That IVCF posted the statements at issue on its website does not show an intent to be bound by federal employment discrimination laws for its ministerial employees. There is no allegation that IVCF "voluntarily, intelligently, and knowingly" waived its right to assert the ministerial exception, let alone clear and compelling evidence that it did so. Accordingly, the Court finds that IVCF did not waive its right to assert the ministerial exception.

Plaintiff's final argument is that, even if the ministerial exception bars her claims against IVCF, it does not apply to her claims against the individual defendants under the Elliot-Larsen Act. Plaintiff does not cite any case supporting the proposition that employment discrimination claims may be pursued against the employees of a religious organization, and the Court is aware of none. Moreover, allowing a ministerial employee to pursue employment claims against her supervisor would allow the state to become involved in the strictly ecclesiastic decision of who shall minister

---

[4] In *Hosana-Tabor*, the Supreme Court made clear that the ministerial exception is an affirmative defense rather than a jurisdictional bar. *Hosana-Tabor*, 132 S. Ct. at 709 n. 4. Prior to that decision, the Sixth Circuit treated the ministerial exception as a bar to jurisdiction. *See Hollins*, 474 F.3d at 225. Because the discussion of waiver in *Hollins* was centered on the nature of waiver of a constitutional claim generally, and did not discuss the issue of jurisdiction, it is still relevant. *Id.* at 226.

5

to the faithful and to impose upon a religious group an unwanted minister—the very concerns that underlie the ministerial exception. *See Hosana-Tabor*, 123 S. Ct. at 706. Accordingly, the Court finds that the ministerial exception bars Plaintiff's claims against the individual defendants under the Elliot-Larsen Act.

**Conclusion**

The Court concludes that the ministerial exception bars Plaintiff's claims against IVCF and the individual defendants. Accordingly, Defendants are entitled to dismissal of Plaintiff's claims under both Title VII and the Elliot-Larsen Act.

An order consistent with this opinion shall issue.


Dated: April 3, 2014                                         /s/ Gordon J. Quist
                                                           GORDON J. QUIST
                                                     UNITED STATES DISTRICT JUDGE